**UNITED STATES of America,**
Appellant,

v.

**Samson E. SHONDE, Appellee.**

No. 85–5282.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1986.

Decided Oct. 16, 1986.

Joseph Walbran, Asst. U.S. Atty., Minneapolis, Minn., for appellant.

Cecilia Michel, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

The government appeals the order of the district court,[1] pursuant to 28 U.S.C. § 2255, vacating the guilty plea of defendant/appellee Shonde. We affirm.

Samson Shonde is a 42–year-old Nigerian who has lived in the United States since 1974. On August 22, 1984, Shonde and Akinsonya A. Cole were indicted in a three-count indictment for unlawful dealing in food stamps in violation of 7 U.S.C. § 2024(b) and 18 U.S.C. § 2. Shonde pleaded guilty to Count II of the indictment on the same day Cole's trial began. On the following day the district court dismissed the case against Cole, concluding the evidence would not sustain a conviction. At a sentencing hearing on December 6, 1984 Shonde was ordered to pay restitution and received two years' probation. The district court also ordered that Shonde not be deported, and that if any future deportation hearing arose, the court would entertain a motion from the defendant to vacate his plea of guilty and dismiss the indictment.

On February 26, 1985 Shonde was ordered to appear before the Immigration and Naturalization Service to show cause why he should not be deported. The hearing was continued to April, pending the outcome of his I–130 petition (a petition filed on his behalf by an immediate family member). On April 23, 1985, the immigration judge dismissed the deportation hearing and remanded the case to the district director for disposition of Shonde's Adjustment of Status application. Shonde thereafter brought a motion before the district court to vacate his guilty plea and dismiss the charge against him as had been stated in the district court's order at the sentencing hearing. Thereafter the district court issued an order vacating Shonde's plea of guilty and dismissing the indictment against him.

The government brings this appeal, asserting that the district court erred in vacating Shonde's guilty plea and in dismissing the indictment. The basis of this appeal is the government's assertion that the district court acted beyond its authority to recommend against deportation, as set out in 8 U.S.C. § 1251(b)(2), in vacating the conviction and dismissing the indictment. The government argues that the district court had no authority under § 1251(b)(2) because at the time no deportation proceeding was pending against Shonde. We do not agree. Without regard to the district court's authority under § 1251(b)(2), the district court had the inherent authority to enter its order stating it would reconsider its judgment if deportation proceedings were initiated by the government. Because the government breached the order by bringing deportation proceedings, it was appropriate for the district court to entertain Shonde's motion to vacate his plea of guilty and dismiss the indictment.

We would therefore affirm the decision of the district court.

---

* The HONORABLE WILLIAM C. HANSON, Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The HONORABLE MILES W. LORD, Judge of the United States District Court for the District of Minnesota, retired September 11, 1985.